ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 16 2015

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| CURTIS DAVIS | § | |
| *Plaintiff,* | § | |
| V. | § | CIVIL ACTION NO. |
| CACH LLC and | § | 1:15-CV-3239 |
| SCHERR & MCCLURE, P.A., | § | |
| HAROLD E SCHERR, State Bar No 629174 | § | Judge: _____ |
| JOSEPH RANIERI IV, State Bar No 797058 | § | |
| *Defendants* | § | TRIAL BY JURY DEMAND |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRIC JUDGE:

## NATURE OF THE ACTION

1. This is an action for damages brought by an individual plaintiff for defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA").

2. Plaintiff seeks to recover monetary damages for Defendant's violations of the FDCPA.

1

## JURISDICTION

3. This court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331.

## PARTIES

4. The Plaintiff in this lawsuit is Curtis Davis ("Plaintiff"), a natural person, who resides in Gwinnett County, Georgia.

5. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. Defendant's CACH LLC is a debt collection company with offices located at 4340 S Monaco St. 2nd floor. Denver, CO 80237. SCHERR & MCCLURE, P.A., HAROLD E SCHERR, JOSEPH RANIERI IV, is also a debt collection company with offices located at 1200 Lake Hearn Drive, Suite 350 Atlanta, Georgia 30319. The entities who at all relevant times was engaged, by the use of mail and telephone, in the business of attempting to collect a "debt" from Plaintiff as defined by 15 U.S.C. § 1692a(5).

7. CACH LLC, is a "debt collectors" as defined by 15 U.S.C. § 1692a(6).

8. SCHERR &MCCLURE, P.A., is a "debt collectors" as defined by 15 U.S.C. § 1692a(6).

9. HAROLD E SCHERR, is a "debt collectors" as defined by 15 U.S.C. § 1692a(6).

10. JOSEPH RANIERI IV, is a "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## VENUE

11. The occurrences which give rise to this action occurred in Gwinnett County, Georgia and Plaintiff resides in Gwinnett County.

12. Venue is proper in the NORTHERN DISTRIC OF GEORGIA THE ATLANTA DIVISION.

## FACTUAL ALLEGATIONS

13. Plaintiff received a collection notice from the Defendant CACH LLC through the LAW OFFICE OF MICHAEL K. SIPES ("NON PARTY IN THIS COMPLAINT"), dated July 11, 2011 stating that charge account # XXXXXXXXXXXX6710. This notice was sent by a self professed debt collector and they were attempting to collect an alleged balance due on said account $5415.63.

14. Plaintiff sent a timely response within the 30 days to the LAW OFFICES OF MICHAEL K. SIPES on August 8, 2011. using the UNITED STATES POSTEL SERVICE certified return receipt #7011 1150 0000 0877 3650 disputing the alleged debt and demanding that the Defendant ("CACH LLC") cease and desist from any further collection activities until they validated the alleged debt. "At no time did the plaintiff receive a response to his demand for validation". This is a violation of:

§ 809. Validation of debts   [15 USC 1692g]
(a) **Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --**

3

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.**

15. Plaintiff received a collection notice from the Defendant CACH LLC through the LAW OFFICE OF JOE PEZZUTO LLC ("NON PARTY IN THIS COMPLAINT") dated October 14, 2011 stating that charge account # XXXXXXXXXXXX7760. This notice was sent by a self professed debt collector and they were attempting to collect an alleged balance due on said account $5415.63.

16. Plaintiff sent a timely response within the 30 days to the LAW OFFICES OF JOE PEZZUTO LLC on November 7, 2011 using the UNITED STATES POSTEL SERVICE certified return receipt # 7010 1870 0001 2216 4646 disputing the alleged debt and demanding that the Defendant ("CACH LLC") cease and desist from any further collection activities until they validated the alleged debt. "<u>At no time did the plaintiff receive a response to his demand for validation</u>". **This is a clear violation 15 U.S.C. § 1692g(b) because the first debt validation letter was never answered and the defendants were still trying to collect a debt that was not validated.**

### § 809. Validation of debts   [15 USC 1692g]

**(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --**

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.**

17. In June 2013, the plaintiff applied for an overdraft protection from the local BB&T bank. The bank informed the plaintiff that they obtained his credit score from EQUIFAX INFORMATION SERVICES 1550 PEACHTRR STREET MAIL DROP H-13 ATLANTA, GA 30309. The bank stated that after a careful review of the plaintiff's application, they were sorry to advise him that they could not open the account for him.

18. In June 2013 the plaintiff applied for a mortgage with BRAND MORTGAGE. The mortgage company pulled the plantiff's credit and the plaintiff was denied a loan due to his credit score. **The plaintiff had to continue renting a house because his credit score would not allow his family to purchase a house.**

19. In April 2014 the Plaintiff obtained his credit reports from all 3 major credit reporting agencies and discovered that the Defendant CACH LLC had placed inaccurate and derogatory information in his Experian, Trans Union and Equifax credit files regarding the alleged account they were attempting to collect.

## § 807.  False or misleading representations  [15 USC 1692e]

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

20. On May 2014 Plaintiff disputed the information contained in his Experian, credit files directly to the credit reporting agency who, upon receipt of the dispute, removed said information indicating the defendant did not verify the disputed information.

21.  On July 27, 2015 Plaintiff obtained his credit reports from all 3 major credit reporting agencies and all of the inaccurate and derogatory information that CACH LLC had placed in EXPERION, TRANS UNION AND EQUIFAX was removed indicating that the defendant did not verify the disputed information.

22. On Tuesday June 10, 2014 at 10:12 am Mary Scott ("NON PARTY IN THIS OMPLAINT"), called the plaintiff's cell phone trying to collect an alleged debt for SCHERR &MCCLURE, P.A.. Mary Scott called from a telephone with the following number 678-618-1038. Mary Scott requested that I call her at the following phone number, 866-367-7311 ext 640  that she was collecting a debt for  SCHERR & MCCLURE, P.A. This is a

clear **willful act** and violation 15 U.S.C. § 1692g(b) because the first debt validation letter was never answered.

### § 809. Validation of debts   [15 USC 1692g]

**(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --**

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.**

23. On December 15, 2014, The Plaintiff was served with a law suit by the defendants on the invalidated and alleged debt. Case Number 14-C-06320-S6 in the Georgia State Court, in Gwinnett county. The Plaintiff has suffered an extreme hardship due to this unwarranted attack on his family. The plaintiff has, and still is, defending himself in the State Court system. This is a clear **willful act** and violation 15 U.S.C. § 1692g(b) because the first debt validation letter was never answered and the defendants were still trying to collect a debt.

## § 807. False or misleading representations [15 USC 1692e]

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.

(2) The false representation of --

(A) the character, amount, or legal status of any debt; or

(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.

(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

(6) The false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to --

(A) lose any claim or defense to payment of the debt; or

(B) become subject to any practice prohibited by this title.

(7) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

## § 808. Unfair practices [15 USC 1692f]

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

24. On May 24, 2015, the plaintiff emailed a protective order to SCHERR &MCCLURE, P.A., this was a request for their law firm to sign and return the protective order so that I could have the Judge sign it and so that we would not be unhindered in the discovery process.

25. On June 2 2015, the plaintiff's wife Jennifer Davis, received a phone call on our home telephone 770 831 4692 from Nathan Jones. Nathan Jones said that he was instructed by Joseph A. Ranieri IV with the law firm of SCHERR &MCCLURE, P.A. to call the plaintiff because of a letter that the plaintiff sent him. The plaintiff's wife, Jennifer Davis, called the plaintiff and told him about a phone call from someone Named Nathan Jones and that Mr. Jones requested that the plaintiff call him about a letter that the plaintiff sent his boss.

26. On June 2 2015, approximately around 12:00 pm the plaintiff called Nathan Jones expecting to talk about the protective order that the plaintiff sent them on the ongoing case that we were engaged in and Nathan Jones said that he was instructed by Joseph A. Ranieri IV with the law firm of SCHERR &MCCLURE, P.A. to call me because of a letter that I sent him. He was instructed to try to collect an alleged debt. I was shocked that SCHERR & MCCLURE, P.A. would engage in such an act while in litigation. This is clearly a **willful act** and a violation of 15 U.S.C. 1692d

## § 806. Harassment or abuse [15 USC 1692d]
*A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.* Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.

(2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

(3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 603(f) or 604(3)1 of this Act.

(4) The advertisement for sale of any debt to coerce payment of the debt.

**(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.**

(6) Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity.

27. On June 2 2015, the plaintiff checked his cell phone voice mail message and discovered that Nathan Jones called and left a voice mail message on his cell phone. The number Nathan was calling from was 407 995 3000 ext 111. The time was 9:45 am the message was 59 seconds long and Nathan said that he was a department manager and the reason he was calling was that he was trying to collect a debt. Nathan Jones requested that the plaintiff call SCHERR &MCCLURE, P.A. at the following number 866 367 6535. This is clearly another **willful act** and a violation of 15 U.S.C. 1692d.

## § 806. Harassment or abuse [15 USC 1692d]
*A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.* Without limiting the general application of the foregoing, the following conduct is a violation of this section:

## Count 1

## VIOLATIONS OF THE FDCPA

28. Plaintiff repeats and re-alleges each and every allegation stated above.

29. Defendant's aforementioned conduct violated the **FDCPA**.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

   a. Adjudging that the Defendant violated the FDCPA.

   b. Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a), 1 in the amount of $15,600.00;

   c. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a), 2 in the amount of $1000.00;

   d. Awarding Plaintiff any attorney's fees and cost incurred in this action;

   e. Awarding Plaintiff any pre-judgment and post judgment interest as may be allowed under the law;

   f. Awarding such other and further relief as the court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: September 14, 2015

Respectfully Submitted,

-----------------------------------

Curtis Davis

6640 Island Pointe Dr.

Buford, Georgia 30518