IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |  |
|---|---|---|
| **CURTIS DAVIS,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **Plaintiff,** | ) | **1:15-CV-3239** |
| | ) | |
| v. | ) | |
| | ) | |
| **CACH, LLC,** | ) | |
| **SCHERR & MCCLURE, P.A.,** | ) | |
| **HAROLD SCHERR,** | ) | |
| **JOSEPH A. RANIERI, IV,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## DEFENDANT JOSEPH A. RANIERI IV'S, ANSWER AND AFFIRMITIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Joseph A. Ranieri IV, ("Defendant") a Defendant in the above-referenced action and files this Answer and Affirmative Defenses in response to the Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against this Defendant upon which relief may be granted.

### SECOND DEFENSE

Any act or omission by Defendant, if determined to be in violation of the Fair Debt Collection Practices Act ("FDCPA"), was not intentional and was the result of a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted

to avoid any such error. Accordingly, Defendant would have no liability pursuant to 15 U.S.C. § 1692k(c).

### THIRD DEFENSE

Plaintiff's claims, especially those asserted pursuant to FCRA, are brought in bad faith and are brought for an improper purpose such as to harass and needlessly increase the cost of litigation.

### FOURTH DEFENSE

Plaintiff's claims are or may be subject to an arbitration agreement requiring her to submit her claims to mandatory and binding arbitration. If so, Defendant will exercise its right to arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1, *et. seq.*

### FIFTH DEFENSE

Plaintiff has failed to properly serve the Defendant as of the date of the filing of this Answer.  Defendant Joseph A. Ranieri IV respectfully prays to be dismissed from this action for Plaintiff's failure to comply with LR 41.2(B).

### SIXTH DEFENSE

Plaintiff's claims are barred by the statute of limitations.

## SEVENTH DEFENSE

Subject to the foregoing defenses and without waiving same, Defendant responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

## NATURE OF THE ACTION

1. Defendant admits that Plaintiff is attempting to assert claims against the Defendants identified in Paragraph 1 of Plaintiff's Complaint. This Defendant denies having engaged in the conduct alleged by Plaintiff or that he owes any liability to Plaintiff. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendant denies having committed any such violation as alleged by Plaintiff. As such, the allegations contained in Paragraph 2 are denied and no damages should be awarded to Plaintiff.

## JURISDICTION

3. Defendant admits that Plaintiff is attempting to assert claims pursuant to the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA"). Defendant denies owing Plaintiff any liability under these statutes. Defendant admits that Plaintiff's claims raised under the FDCPA and FCRA raise federal questions.

## **PARTIES**

4. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. The statements contained in Paragraph 6 of Plaintiff's Complaint relate to multiple conclusions of law to which Defendant is under no known obligation to respond. To the extent any response is necessary, Defendant admits only that that CACH is a passive debt buyer and does not actively collect debts.

7. The statements contained in Paragraph 7 of Plaintiff's Complaint relate to multiple conclusions of law to which Defendant is under no known obligation to respond. To the extent any response is necessary, Defendant admits only that that CACH is a passive debt buyer and does not actively collect debts.

8. Defendant admits that they are a law firm. Defendant further admits that the law firm was hired by CACH, LLC to collect an unpaid account from Plaintiff. Defendant admits that in certain circumstances they may meet the definition of "debt collector" as that term is defined and used in the FDCPA.

9. Defendant admits that he is a natural person and that he is a licensed attorney employed by Scherr & McClure, P.A. Defendant further admits that the law firm for which he is employed was hired by CACH, LLC to collect an unpaid

account from Plaintiff. Defendant admits that in certain circumstances he may meet the definition of "debt collector" as that term is defined and used in the FDCPA.

10. Defendant admits that he is a natural person and that he is a licensed attorney employed by Scherr & McClure, P.A. Defendant further admits that the law firm for which he is employed was hired by CACH, LLC to collect an unpaid account from Plaintiff. Defendant admits that in certain circumstances he may meet the definition of "debt collector" as that term is defined and used in the FDCPA.

## VENUE

11. Defendant denies that the "acts and transactions" as alleged by Plaintiff occurred in the first instance. As such, the allegations contained in Paragraph 11 are denied.

12. Defendant admits that Plaintiff is attempting to assert claims pursuant to the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA"). Defendant denies owing Plaintiff any liability under these statutes. Defendant admits that Plaintiff's claims raised under the FDCPA and FCRA raise federal questions.

# **FACTUAL ALLEGATIONS**

13. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. The statements contained in Paragraph 14 of Plaintiff's Complaint relate to legal conclusions and recitations of case law to which Defendant is under no known obligation to respond. To the extent any response is required and to the extent Paragraph 14 contains any factual allegations directed toward this Defendant, such allegations are denied and are barred by the statute of limitations.

15. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. The statements contained in Paragraph 16 of Plaintiff's Complaint relate to legal conclusions and recitations of case law to which Defendant is under no known obligation to respond. To the extent any response is required and to the extent Paragraph 16 contains any factual allegations directed toward this Defendant, such allegations are denied and are barred by the statute of limitations.

17. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. The statements contained in Paragraph 19 of Plaintiff's Complaint relate to legal conclusions and recitations of case law to which Defendant is under no known obligation to respond. To the extent any response is required and to the extent Paragraph 19 contains any factual allegations directed toward this Defendant, such allegations are denied and are barred by the statute of limitations.

20. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. The statements contained in Paragraph 22 of Plaintiff's Complaint relate to legal conclusions and recitations of case law to which Defendant is under no known obligation to respond. To the extent any response is required and to the extent Paragraph 22 contains any factual allegations directed toward this Defendant, such allegations are denied and are barred by the statute of limitations.

23. The statements contained in Paragraph 23 of Plaintiff's Complaint relate to legal conclusions and recitations of case law to which Defendant is under no

known obligation to respond. To the extent any response is required and to the extent Paragraph 23 contains any factual allegations directed toward this Defendant, such allegations are denied.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. The statements contained in Paragraph 26 of Plaintiff's Complaint relate to legal conclusions and recitations of case law to which Defendant is under no known obligation to respond. To the extent any response is required and to the extent Paragraph 26 contains any factual allegations directed toward this Defendant, such allegations are denied.

27. The statements contained in Paragraph 27 of Plaintiff's Complaint relate to legal conclusions and recitations of case law to which Defendant is under no known obligation to respond. To the extent any response is required and to the extent Paragraph 27 contains any factual allegations directed toward this Defendant, such allegations are denied.

## COUNT 1
## VIOLATIONS OF THE FDCPA

28. Defendant denies that the "allegations" as stated by Plaintiff occurred in the first instance. As such, the allegations contained in Paragraph 28 are denied.

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

**WHEREFORE**, Defendant prays that the Complaint be dismissed with prejudice; that judgment be granted to Defendant and that the relief requested by Plaintiff be denied; that all costs be taxed to Plaintiff; and for such other and further relief as the Court deems just and proper.

Respectfully submitted this ___ day of OCTOBER, 2015.

**Scherr & McClure, P.A.**

/s/ Joseph A. Ranieri IV

| | |
|---|---|
| 1200 Lake Hearn Drive | JOSEPH A. RANIERI, IV |
| Suite 350 | State Bar No. 797058 |
| Atlanta, Georgia  30319 | jranieri@scherrmcclure.com |
| (678) 346-7023 | Attorney for Defendants Scherr & McClure P.A., Harold Scherr, and Joseph Ranieri |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **CURTIS DAVIS,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **Plaintiff,** | ) | **1:15-CV-3239** |
| | ) | |
| v. | ) | |
| | ) | |
| **CACH, LLC,** | ) | |
| **SCHERR & MCCLURE, P.A.,** | ) | |
| **HAROLD SCHERR,** | ) | |
| **JOSEPH A. RANIERI, IV,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Time New Roman and a point size of 14.

**Scherr & McClure, P.A.**

/s/ Joseph A. Ranieri IV
1200 Lake Hearn Drive            JOSEPH A. RANIERI, IV
Suite 350                        State Bar No. 797058
Atlanta, Georgia  30319          jranieri@scherrmcclure.com
(678) 346-7023                   Attorney for Defendants Scherr & McClure
                                 P.A., Harold Scherr, and Joseph Ranieri

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CURTIS DAVIS, ) | |
| ) | CIVIL ACTION NO. |
| Plaintiff, ) | 1:15-CV-3239 |
| ) | |
| v. ) | |
| ) | |
| CACH, LLC, ) | |
| SCHERR & MCCLURE, P.A., ) | |
| HAROLD SCHERR, ) | |
| JOSEPH A. RANIERI, IV, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2015, I electronically filed this Answer and Affirmative Defenses to Plaintiff's Complaint using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney(s) of record:

    Curtis Davis, *Pro Se*
    curt.cd60@gmail.com

                                  **Scherr & McClure, P.A.**

                                  /s/ Joseph A. Ranieri IV
1200 Lake Hearn Drive          JOSEPH A. RANIERI, IV
Suite 350                           State Bar No. 797058
Atlanta, Georgia 30319        jranieri@scherrmcclure.com
(678) 346-7023                    Attorney for Defendants Scherr & McClure
                                      P.A., Harold Scherr, and Joseph Ranieri